UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT WAGGY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | NO. CV-09-106-EFS<br><br>**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS** |

Plaintiff Robert Waggy sued Congressman Cathy McMorris-Rodgers and her aide, Spencer Hutchins, for allegedly falsely reporting to the police that he threatened Veteran's Affairs Medical Center ("V.A.") employees. The United States substituted in as Defendant for Congresswoman McMorris-Rodgers and Mr. Hutchins and moved to dismiss the matter because Plaintiff's state tort negligence, defamation, libel, and emotional distress claims are barred by the Federal Tort Claims Act's ("FTCA") intentional-tort exception. (Ct. Rec. 4.) After review, the Court agrees with Defendant and dismisses this matter with prejudice because amendment cannot cure the Complaint's jurisdictional defects. The reasons for the Court's Order are set forth below.

ORDER ~ 1

**I. Background**

In March 2008, Plaintiff contacted Congressman McMorris-Rodgers' office and spoke with Mr. Hutchins concerning the medical care that he was receiving from the V.A. (Ct. Rec. 1-2 at 7.) During this conversation, Plaintiff informed Mr. Hutchins that a V.A. police officer attacked Plaintiff during a prior visit, and that if V.A. police did so again, he "would view it as an assault and defend himself, and that if the V.A. police pulled their guns on him [sic] he would then be authorized to use deadly force to protect himself from the attack." *Id.* at 8.

Mr. Hutchins reported the perceived threat to law enforcement. *Id.* Plaintiff was subsequently arrested, charged with two (2) counts of Felony Harassment, and ultimately accepted an *Alford* plea. Plaintiff alleges that Mr. Hutchins falsely reported information to the police, causing him emotional distress and humiliation, and that his injuries ultimately stem from Congresswoman McMorris-Rodgers' negligent supervision of Mr. Hutchins. *Id.* at 9. Plaintiff seeks $16,407,060.00 in damages and an apology from Congresswoman McMorris-Rodgers and Mr. Hutchins. *Id.* While this matter was originally filed against Congresswoman McMorris-Rodgers and Mr. Hutchins in Spokane County Superior Court, No. 09201049-2 (Ct. Rec. 1), the United States substituted in as the sole Defendant,[1] removed the matter to the U.S.

---

[1]This substitution was proper. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (noting that because federal employees retain broad immunity from suit under state tort law, tort claims relating to

ORDER ~ 2

District Court for the Eastern District of Washington, and then filed the dismissal motion now before the Court. (Ct. Recs. 3 & 4.)

## II. Discussion

**A.   Federal Rule of Civil Procedure 12(b)(1) Standard**

Rule 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). Rule 12(b)(1) subject-matter jurisdiction challenges come in two (2) different forms - facial and factual attacks. *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that the complaint's allegations are insufficient to invoke federal jurisdiction, while a factual attack disputes the truth of the allegations that would otherwise invoke federal jurisdiction. *Id.* In reviewing a facial attack, such as here, the trial court accepts the complaint's allegations as true and will not look beyond the complaint's face to determine jurisdiction. *Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008); *Thornhill Publ'g Co. v. Gen. Tel. Elec.,* 594 F.2d 730, 733 (9th Cir. 1979).

Importantly, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Tosco Corp. v. Cmtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its

---

the acts of federal employees taken in the course of their employment may only be brought against the United States of America); *see also* 28 U.S.C. § 2679(a), (b), (d).

ORDER ~ 3

attention or on discovering the same, must dismiss the case, unless the defect can be corrected by an amendment." *Id.*

**B.   Rule 12(b)(6) Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Id.* In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

**C.   FTCA Claims**

Defendant alleges that Plaintiff's negligence, defamation, emotional distress, and libel claims should be dismissed under Rule 12(b)(1) and 12(b)(6) because they are barred by the FTCA's intentional-tort exception. (Ct. Rec. 5 at 2-3.) Plaintiff counters that the United States should not be allowed to claim sovereign immunity for its employees' tortious conduct. (Ct. Rec. 8 at 2.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex. rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. *Gerritsen v. Consulado Gen. de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). Put another way, absent a Congressional waiver of sovereign immunity, a claim against the United States or a federal agency must be dismissed for lack of subject matter jurisdiction. *Id.; Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The FTCA waives the United States' sovereign immunity for certain torts. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). This waiver does not, however, extend to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h). This limited jurisdictional carve-out is known as the intentional-tort exception. When determining whether a plaintiff's proposed claim is barred by section 2680(h)'s intentional-tort exception, district courts look to the conduct that the claim is based on, not the specific label attached to the claim (e.g., "negligence" or "emotional distress") by a party. *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006). If the gravamen of a plaintiff's complaint is a claim for a tort excluded under section 2680(h)'s intentional tort-exception, then the claim is barred. *Id.*

1     Here, Plaintiff's defamation and libel claims are explicitly covered
2 by section 2680(h)'s intentional-tort exception and therefore barred.
3 *See* 28 U.S.C. § 2680(h) (sovereign immunity waiver does not extend to
4 libel); *Sabow v. United States*, 93 F.3d 1445, 1452 (9th Cir. 1996)
5 (noting that sovereign immunity waiver does not extend to defamation).
6 Plaintiff's emotional distress and negligent supervision claims are
7 likewise barred because the gravamen of these claims turn on - and
8 therefore "arise out of" - Mr. Hutchins' allegedly defamatory and
9 libelous conduct of reporting Plaintiff's perceived threat to law
10 enforcement. *See, e.g., Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th
11 Cir. 1988) (finding that section 2680(h)'s intentional-tort exception
12 extends to claims of negligent infliction of emotional distress where
13 such claims arise out of defamation or slander); *Hoesl v. United States*,
14 629 F.2d 586, 587 (9th Cir. 1980) (per curiam) (finding that lawsuit was
15 barred under section 2680(h)'s intentional-tort exception for libel and
16 slander despite argument that the cause of the harm was the negligently-
17 conducted psychiatric exam where plaintiff was suspended from his job
18 based on a psychiatric report's findings); *Naisbitt v. United States*, 611
19 F.2d 1350, 1356 (10th Cir. 1980) (determining lawsuit barred under
20 section 2680(h)'s intentional-tort exception where allegation was that
21 government negligently failed to supervise and curtail two (2) airmen who
22 committed a series of rapes and murders).  Because the jurisdictional
23 deficiencies in Plaintiff's Complaint cannot be cured, it is dismissed
24 with prejudice and without leave to amend.
25 \\
26 \\

ORDER ~ 6

**D.    Failure to Exhaust Administrative Remedies**

Defendant argues that an alternative basis for dismissal exists because Plaintiff has not alleged that he exhausted his administrative remedies by presenting his claim to the appropriate federal agency before filing suit, a necessary precursor to an FTCA action. (Ct. Rec. 5 at 3.) After review, the Court agrees. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States [under section 2671 *et seq.*] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail [or languished for more than six months.]"). This claim requirement is jurisdictional and cannot be waived. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss **(Ct. Rec. 4)** is **GRANTED**;

2. Plaintiff's Complaint **(Ct. Rec. 1)** is **DISMISSED** with prejudice and without leave to amend;

3. All pending hearing and trial dates are stricken;

4. All pending motions are denied as moot;

5. Judgment shall be entered in Defendant's favor; and

6. This file shall be closed.

\\
\\
\\
\\

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Plaintiff and counsel.

**DATED** this ___17th___ day of June 2009.

                                      S/ Edward F. Shea
                                        EDWARD F. SHEA
                                 United States District Judge

Q:\Civil\2009\106.Dismiss.wpd

ORDER ~ 8